IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SADIQ OLASUNKANMI ADELEKE, PRO SE, also known as SADIQ ADELEKE, TDCJ-CID No. 792196,<br><br>Plaintiff,<br><br>v.<br><br>GARY HUNTER, Warden, and UNNAMED DEFENDANTS,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ 2:10-CV-0076<br>§<br>§<br>§<br>§<br>§ |

**ORDER WITHDRAWING REPORT AND RECOMMENDATION
AND DECLARING PLAINTIFF'S MOTION TO DISMISS TO BE MOOT**

Plaintiff SADIQ OLASUNKANMI ADELEKE, acting pro se, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and requested permission to proceed in forma pauperis.

Upon receipt of a Notice of Deficiency Order, plaintiff filed his May 26, 2010 Motion to Dismiss stating he had not exhausted administrative remedies and wished to refile suit after completing exhaustion.

Based on plaintiff's representation that he had not exhausted his administrative remedies, the Court issued a June 2, 2010 Report and Recommendation noting plaintiff's representation that he had not exhausted administrative remedies before filing suit in federal court and recommending dismissal of the instant cause on that basis.

Plaintiff then filed, on June 17, 2010 a motion for leave to file amended complaint and motion for leave to proceed I.F.P., with six-month history of his inmate trust account. To his amended complaint, plaintiff attached various Step 2 grievances, some of which show a response date before plaintiff filed his original complaint and some of which show a response date well after initiation of this cause. The Court will treat this pleading as a withdrawal of plaintiff's motion to dismiss.

Plaintiff has now contradicted his representation that he failed to exhaust administrative

remedies before filing suit, at least in part, by his subsequent amended complaint with some attached Step 2 grievances indicating possible exhaustion before he signed and, presumably, mailed his original complaint on April 2, 2010. Plaintiff has wasted both his time and this Court's time by the conflicting representations in his pleadings. At this point, the Court finds it should permit examination of any issue of exhaustion to occur after defendants have answered.

For the reasons set forth above, the June 2, 2010 Report and Recommendation is hereby WITHDRAWN and plaintiff's Motion to Dismiss is TERMINATED AS MOOT.

**THIS ORDER DOES NOT CONSTITUTE A DETERMINATION THAT PLAINTIFF HAS, IN FACT, EXHAUSTED ADMINISTRATIVE REMEDIES ON ANY ONE OR MORE OF HIS CLAIMS BEFORE FILING SUIT.**

IT IS SO ORDERED.

ENTERED THIS ⟨20th⟩ DAY OF JULY 2010.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE